**Michael RUNTU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–71913.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 10, 2008.

Robert G. Ryan, Eugene C. Wong, Law Offices of Eugene C. Wong Inc., San Francisco, CA, for Petitioner.

Jeffrey J. Bernstein, Cindy S. Ferrier, Jennifer Keeney, Margaret K. Taylor, David V. Bernal, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Michael Runtu, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the agency's finding that the harm Runtu suffered did not rise to the level of past persecution. *See id.* at 1016–17 (concluding that petitioner did not suffer past persecution, although she was pushed, teased, bothered, discriminated against and harassed, because she never suffered any significant physical violence). Substantial evidence also supports the agency's finding that Runtu failed to establish a well-founded fear of persecution even as a member of a disfavored group because Runtu did not demonstrate the requisite level of individualized risk. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). The evidence does not compel the conclusion that there is a pattern or practice of persecution against Chinese Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, Runtu failed to establish eligibility for asylum.

Because Runtu failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Runtu's CAT claim fails because he has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

